United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ALVARADO, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>FEDEX CORPORATION,<br><br>    Defendant.<br>_____/ | No. C 04-0098 SI, 04-0099 SI<br>Related Case: 03-2659 SI<br><br>**ORDER DENYING PLAINTIFFS' OBJECTION, DENYING PLAINTIFFS' REQUEST FOR STAY, AND DENYING PLAINTIFFS' REQUEST FOR FEES** |

Plaintiffs have filed an "Objection; Request for Stay; and Request for Hearing on Discovery Referee's Ruling Denying Electronic Data." Defendant has filed an opposition, and plaintiffs have filed a reply.[1] The Court has reviewed these papers, along with the exhibits attached to the Declaration of Frederick Douglas in Support of Defendant's Opposition.

### LEGAL STANDARD

Federal Rule of Civil Procedure 53 governs the use of court-appointed special masters. Pursuant to Rule 53(g), the Court reviews a special master's findings of fact for "clear error." However, the clearly erroneous standard applies only to purely factual findings. The court reviews de novo a special master's conclusions of law, *Burlington N. R.R. Co. v. Dep't of Revenue*, 934 F.2d 1064, 1072 (9th Cir. 1991), and resolution of mixed questions of law and fact, *Swoboda v. Pala Mining, Inc.*, 844 F.2d 654, 656 (9th Cir. 1988). In addition, the Court "may set aside a master's ruling on a procedural matter only for an abuse of discretion." Fed. R. Civ. P. 53(g)(5). A party may file objections to a special master's decision within 20 days

---

[1] These letter briefs are found at Docket Nos. 345, 347 and 348.

from the time the master's decision is served. *Id.* at 53(g)(2).

## DISCUSSION

Plaintiffs raise two related objections to the Special Master's December 16, 2005 decision. First, plaintiffs assert that the Special Master erred by limiting them to paper personnel files and denying them "electronic data" because, according to plaintiffs, the paper personnel files are incomplete. Second, plaintiffs contend that the Special Master erred by denying them access to the database created by the defendants in *Satchell et al. v. FedEx*, 03-2659 SI. Plaintiffs contend that the information contained in the database is responsive to their discovery requests, and that it should be provided because *Alvarado* and *White* are "related" to *Satchell* under Civil Local Rule 3-12.

Plaintiffs' contentions lack merit, particularly in light of the history of the proceedings before the Special Master. The Court notes at the outset that the Special Master has done a thorough, conscientious and commendable job. After the Special Master was appointed, he issued a letter dated November 4, 2005 in which he noted, *inter alia*, that plaintiffs contended that they had not had an adequate opportunity to review personnel files. The Special Master noted that plaintiffs' counsel should have taken steps to remedy that issue sooner, but because he did not believe that the *Alvarado* and *White* plaintiffs should be prejudiced by their counsel's delay, he directed plaintiffs' counsel to provide defense counsel with a list of every FedEx location at which they wished to conduct a document inspection and the date on which they intended to conduct the inspection. The Special Master directed that these inspections were to take place between November 11 and November 23, 2005. Although plaintiffs now assert to the Court that this time limitation was unreasonable, plaintiffs did not seek review of the November 4, 2005 order, and thus plaintiffs have waived any challenge to the time limitation. Moreover, the Court concludes that this time limitation was eminently reasonable given the fact that discovery had long since closed, plaintiffs had already had ample opportunity, which they squandered, to address the issue, and the trial date was fast approaching.

According to the Special Master's December 16, 2005 decision, plaintiffs' counsel visited all of the FedEx locations at which they wanted to conduct an inspection of the personnel files. Plaintiffs do not dispute this fact. Nevertheless, plaintiffs assert to this Court that there were additional locations that they wished to

visit. Plaintiffs have not submitted any documentation indicating that they raised this issue with the Special Master, and thus this objection is not properly presented to the Court. Even if plaintiffs had raised this issue with the Special Master, the Court concludes, for the reasons stated *supra*, that any limitations he placed on the number of the facilities that plaintiffs could visit was reasonable and certainly not an abuse of discretion.

The main thrust of plaintiffs' objection to the Special Master's decision is plaintiffs' allegation that the paper personnel files are incomplete, and thus plaintiffs must have electronic data. Plaintiffs assert that FedEx "admitted" that the paper personnel files are incomplete, and that FedEx deceived this Court in July 2005 when it represented that on-site inspections of personnel files would produce documents responsive to plaintiffs' requests. Plaintiffs provide no factual support whatsoever for this allegation, nor do plaintiffs provide any details regarding the alleged admission. Moreover, as noted by the Special Master in his December 16, 2005 decision, plaintiffs' counsel admitted that the paper personnel files contained most of the information that they sought, and indeed after the Special Master conducted an *in camera* review of personnel files, he also concluded that most of the information plaintiffs sought was contained in the files.

Plaintiffs also object to the fact that the Special Master required them to identify which personnel files they contended were incomplete. The Court finds no error in the Special Master's decision. The Special Master found, after his *in camera* review, that information about pay increases and promotions was often insufficient, and he directed plaintiffs to identify for defendants which files did not contain adequate information on those two subjects. The Special Master's decision in this regard was reasonable and not an abuse of discretion.

Finally, plaintiffs object to the Special Master's denial of their request for access to the database created in *Satchell*. The Special Master denied plaintiffs' request as untimely, noting that despite the fact that plaintiffs' counsel were aware of the *Satchell* database as early as September 2004, the first time they expressed a desire for access to the database was in a letter to the Special Master dated November 22, 2005. The Special Master found that plaintiffs had not specifically requested a copy of the *Satchell* database in their discovery requests before discovery closed, nor had they ever contended to this Court that defendants' discovery responses were incomplete due to the failure to produce the database. Moreover, the Special Master noted that despite his direction to plaintiffs to file a motion to compel by November 9, 2005 addressing

3

all outstanding discovery issues, plaintiffs did not raise the *Satchell* database in that letter. For all of these reasons, the Special Master denied plaintiffs' request for the database as untimely.

The Court agrees that plaintiffs' request for the *Satchell* database is untimely. In their "objection," plaintiffs do not even address any of the Special Master's findings of untimeliness. Instead, plaintiffs simply assert that they will be prejudiced if they are not provided access to the information, and that they are entitled to this information because *Satchell* is a "related" case. However, as the Special Master found, plaintiffs have been aware of the database since September 2004, and only first contended that they needed this information on November 22, 2005, well after the close of discovery. Plaintiffs' "request" for the *Satchell* database is untimely, and any prejudice that they suffer is of their own doing. Further, the fact that *Satchell* is a "related" case is completely irrelevant to whether the *Alvarado* and *White* plaintiffs are entitled to the database.[2]

For the foregoing reasons, the Court hereby DENIES plaintiffs' objections and request for a stay, and DENIES plaintiffs' request that defendant be required to pay for all of the Special Master's fees.

**IT IS SO ORDERED.**

Dated: January 4, 2006

SUSAN ILLSTON
United States District Judge

---

[2] Plaintiffs' counsel has also requested a telephone conference to discuss an alleged "secret deal" concerning the *Satchell* database. As the Court has concluded that plaintiffs are not entitled to the database, plaintiffs' request for a conference is denied as moot.

4