**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY WHITE, et al., | No. C 04-00099 SI |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART FEDEX'S MOTIONS FOR SUMMARY JUDGMENT AND GRANTING INDIVIDUAL DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT** |
| v. | |
| FEDEX CORPORATION, et al., | |
| Defendants. | |

On December 16, 2005, the Court heard oral argument on defendants' motions for summary judgment as to plaintiffs Gary White and Alexander Rivera. Having carefully considered the arguments of counsel and the papers submitted, the Court hereby enters the following order. (Docket ## 120, 121 and 122)

**LEGAL STANDARD**

Summary adjudication is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In a motion for summary judgment, "[if] the moving party for summary judgment meets its initial burden of identifying for the court those portions of the materials on file that it believes demonstrate the absence of any genuine issues of material fact, the burden of production then shifts so that the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, specific facts

1  showing that there is a genuine issue for trial." *See T.W. Elec. Service, Inc., v. Pac. Elec. Contractors
2  Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)). In
3  judging evidence at the summary judgment stage, the Court does not make credibility determinations
4  or weigh conflicting evidence, and draws all inferences in the light most favorable to the non-moving
5  party. *See T.W. Elec.*, 809 F.2d at 630-31 (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio
6  Corp.*, 475 U.S. 574 (1986)); *Ting v. United States*, 927 F.2d 1504, 1509 (9th Cir. 1991). The evidence
7  presented by the parties must be admissible. *See* Fed. R. Civ. P. 56(e). Conclusory, speculative
8  testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat
9  summary judgment. *See Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

## DISCUSSION

Plaintiffs White and Rivera's First Amended Complaint ("FAC") alleges the following claims: (1) race discrimination under 42 U.S.C. § 1981; (2) race discrimination under the Fair Employment and Housing Act, Cal. Gov't Code § 12940 *et seq.* ("FEHA"); (3) wrongful termination in violation of public policy; (4) retaliation under FEHA; (5) racial harassment (hostile work environment) under FEHA; (6) intentional infliction of emotional distress; (7) fraud; (8) quantum meruit; and (9) "California Equal Pay Act."[1] Plaintiffs have sued FedEx Corporation and a number of individual FedEx employees. Both FedEx and the individual defendants have filed motions for summary judgment on all of White and Rivera's claims.

As a general matter, the Court notes that the briefing on these motions has been extensive and protracted; over the course of the briefing on these motions, White has filed four oppositions and Rivera has filed three oppositions. These oppositions include the supplemental oppositions that plaintiffs requested leave to file in December 2005, for the ostensible purpose of incorporating discovery that had taken place over the summer. However, despite the numerous opportunities to brief the summary judgment motions, plaintiffs have failed to address in any meaningful way (or at all) the majority of the

---

[1] As discussed *infra*, although the FAC alleges a violation of the "California Equal Pay Act," the FAC cites FEHA, Cal. Gov't Code § 12900 *et seq.*.

issues raised by defendants' motions for summary judgment. Plaintiffs' multiple opposition briefs are largely devoid of argument and citations to specific evidence. Both plaintiffs "incorporate by reference" the factual allegations made in the complaint and in their administrative filings with the Department of Fair Employment and Housing. However, as plaintiffs have been warned, allegations are not "evidence." It is not the Court's task to "scour the record in search of a genuine issue of triable fact," *Keenan v. Allan*, 91 F.3d 1275, 1278 (9th Cir. 1996), and "it need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposition papers with adequate references so that it could be conveniently found." *Carmen v. San Francisco Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2000).

In addition, at the December 16, 2005 oral argument on defendants' motions, plaintiffs' counsel attempted to file the "Declaration of Kay McKenzie Parker of 12-15-05 with Attached Affidavit of Devon Butler in Support of Gary White's Opposition to All Motions for Summary Judgment." The Court rejected the untimely filing of the declaration, noting that plaintiffs had been afforded multiple opportunities to supplement their briefing and that counsel had been aware of the information contained in the declaration for months. In addition, throughout oral argument plaintiffs' counsel raised arguments and cited evidence that were not presented in any of their multiple opposition briefs. The Court will not consider any arguments or evidence raised for the first time at the hearing. *See* Civil Local Rule 7-3(a), (d).

### I. FedEx's Motion for Summary Judgment as to Gary White

Plaintiff Gary White is African-American. White began his employment with FedEx on November 30, 1994, as a part-time casual handler at the Sunnyvale, California facility. About six months later White was promoted to permanent handler. FedEx terminated White's employment on March 9, 2002, on the ground that he had received three disciplinary actions in a twelve month period.

White filed a complaint with the DFEH on March 9, 2001, alleging racial discrimination arising out of a suspension that occurred in February 2001. White filed a second complaint with the DFEH on March 9, 2002 alleging wrongful termination, retaliation and racial discrimination.

3

### A. Promotion

The precise basis for White's promotion claim is unclear because White does not address the merits of this claim in any of his oppositions. At the oral argument, White contended that FedEx unfairly denied him an "automatic" promotion to shuttle driver, and that he was "blocked" from applying for a courier position. Although the parties dispute whether an employee is ever automatically promoted without having to submit an application, it is undisputed that White's claims concerning the shuttle driver "promotion" date from 1995-1997 when he was performing shuttle driver duties. Accordingly, any claim White has concerning the shuttle driver position is time-barred because he did not file his first DFEH complaint until 2001 and the § 1981 liability period does not begin until December 1998 at the earliest.[2] *See Lyons v. England*, 307 F.3d 1092, 1106 (9th Cir. 2002) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)).

With respect to the courier position, White testified at his deposition that he never applied for a courier position. *See* White Depo. at 70-75. White contends he was "blocked" from applying for such a position because his managers did not show him how to apply through the JCAT system, and because he was told by someone that there were no courier positions available. *Id.* White admitted in his deposition that no one ever told him he could not apply for a position through the JCAT system. *Id.* In order to establish a *prima facie* case on his promotion claim, White must show that (1) he is a member of a protected class; (2) he was qualified for the position sought; (3) he was denied the promotion; and (4) individuals outside of the protected class were promoted. *See Pejic v. Hughes Helicopters, Inc.*, 840

---

[2] Plaintiffs filed the original complaint in state court on December 12, 2002, alleging claims under state law. After defendant removed the complaint to this Court, and after plaintiffs severed their claims from the *Satchell* case, they filed an amended complaint in January 2004 alleging a claim under 42 U.S.C. § 1981. The Court concludes that plaintiffs' claims under Section 1981 relate back to the date the original complaint was filed because the claims asserted "arose out of the conduct, transaction, or occurrence set forth" in the original state complaint. Fed. R. Civ. Proc. 15(c)(2); *see also Martell v. Trilogy, Ltd.*, 872 F.2d 322, 326 (9th Cir. 1989). Defendant's reliance on *Johnson v. Railway Express Agency*, 421 U.S. 454 (1975), to argue that the amended complaint should not relate back is unavailing because *Johnson* simply held that the statute of limitations for a Section 1981 claim is not tolled while a plaintiff is exhausting administrative remedies prior to filing suit. *Id.* at 461-66.

The Court directed the parties to brief whether the November 2003 stipulation in *Satchell*, which allowed, *inter alia*, the plaintiffs in *Alvarado* and *White* to sever their cases and file amended complaints, had any effect on the Section 1981 liability period in *Alvarado* and *White*. The Court concludes that the stipulation has no bearing on the Section 1981 liability period in these cases, and rejects plaintiffs' arguments to the contrary.

F.2d 667, 671 (9th Cir. 1988). Because the undisputed evidence shows that White did not apply for a courier position, and because White has failed to introduce any evidence suggesting that he was in anyway prevented from applying for such a position, the Court concludes that White has failed to establish a *prima facie* case and that FedEx is entitled to summary judgment.

### B. Discipline

According to FedEx, White received the following disciplinary actions during his tenure with FedEx: (1) a February 18, 1997 performance reminder about vehicle security because he had dropped packages on the freeway; (2) a January 31, 2001 documented counseling regarding failure to follow a management directive to scan freight; (3) a February 6, 2001 warning letter for refusal to scan freight on four different occasions; (4) a February 9, 2001 warning letter for failure to scan freight; (5) a February 23, 2001 documented counseling for writing complaints about scanning freight on his time card; and (6) a March 9, 2001 warning letter for writing on his time card.

The Court concludes that any claim regarding the February 18, 1997 performance reminder is time-barred. *See Lyons*, 307 F.3d at 1106. With respect to the other discipline actions, FedEx contends that it has shown legitimate, non-discriminatory reasons for the issuance of the discipline. White does not contend that the disciplinary letters were inaccurate or unwarranted, but rather that work expectations were unrealistically high and that it was not possible for him to scan all of the freight he was responsible for because he was assigned the busiest section of the belt. However, FedEx demonstrates that the discipline was race-neutral and based on violations of regulations which were applicable to all employees. White's supplemental opposition cites White's deposition testimony in which he states that unlike his white counterparts, he was not provided with any helpers. White Depo. at 110-13. However, he provides no evidence that white employees were treated differently with respect to staffing or work requirements, or that they were disciplined differently as concerns the scanning requirements.

The Court GRANTS summary judgment to FedEx on this claim.

### C. Training

Despite the fact that FedEx has moved for summary judgment on White's claim concerning training, none of White's oppositions address this claim. FedEx has submitted evidence that although White complained about not receiving courier or shuttle driver training, White admitted that he did not apply for these positions. *See* White Depo. at 71-72. FedEx also submitted memorandums stating that White refused training on several occasions. *Id.* at Ex. 5. In light of FedEx's evidence and White's failure to rebut this evidence, the Court the Court concludes that White has failed to raise a triable issue of fact and hereby GRANTS summary judgment in favor of FedEx on this claim.

### D.   Unequal Pay

White's claim under the "California Equal Pay Act" is based on his allegation that when he was performing shuttle driver duties between 1995 and 1997, he was not paid shuttle driver wages but that his white counterparts received such pay.[3] The statute of limitations for a claim under the California Equal Pay Act is at most 3 years. *See* Cal. Labor Code § 1197.5(h). The Court concludes that White's unequal pay claim is untimely, and hereby GRANTS summary judgment in favor of FedEx.

### E.   Quantum Meruit

White's claim for quantum meruit is also based on not receiving shuttle driver pay between 1995 and 1997. The statute of limitations for a quantum meruit claim is two years. *See* Cal. Code Civ. Proc. § 339; *Maglica v. Maglica*, 66 Cal. App. 4th 442, 452 (1998). The Court concludes that this claim is time-barred and GRANTS summary judgment in favor of FedEx.

### F.   Intentional Infliction of Emotional Distress

FedEx contends that as a matter of law, White cannot establish a claim for intentional infliction of emotional distress. The elements of the tort of intentional infliction of emotional distress are: (1)

---

[3] The complaint alleges a claim under the "California Equal Pay Act," with a citation to FEHA, Cal. Gov't Code § 12900 *et seq.* However, the California Equal Pay Act is contained at Cal. Labor Code § 1197.5. Thus, the statutory basis for White's claim is unclear. However, to the extent that White is bringing this claim under FEHA, it is time-barred since the events occurred between 1995 and 1997, and White's first DFEH complaint was not filed until 2001.

6

extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the possibility of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *See Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1001 (1993). FedEx contends that White cannot establish any outrageous conduct by FedEx because the discipline he received was for legitimate, non-discriminatory reasons, and he was terminated pursuant to FedEx policy. FedEx also argues that White cannot show that FedEx intentionally caused him emotional distress, and that at most White has testified about his subjective belief that FedEx discriminated against him on the basis of his race. Finally, FedEx contends that White has failed to introduce any evidence that he suffered any emotional distress.

Despite the fact that both FedEx and the individual defendants have moved for summary judgment on White's claim for intentional infliction of emotional distress, none of White's four oppositions address this claim. Because White has failed to present any evidence of "extreme or outrageous conduct" or of causally related emotional distress, the Court hereby GRANTS FedEx's motion for summary judgment.

### G. Retaliation

The precise nature of White's retaliation claim is unclear. In his statement of facts, White states that after he submitted a doctor's note restricting him from performing shuttle driver duties, "defendants" retaliated against him by severely and unfairly lowering his performance reviews. The deposition testimony White cites does not support this assertion. *See* White Depo. at 124. White also states that defendants Motter and Meek retaliated against White by reducing his weekly schedule and refusing to pay him the guaranteed minimum number of hours. However, the deposition testimony White cites for this allegation states that Motter and Meek discriminated against him on the basis of his race by lowering his hours, not that they retaliated against him for engaging in some protected conduct. *Id.* at 79.

FedEx contends, and the Court agrees, that White cannot establish a *prima facie* case of retaliation. To assert a *prima facie* retaliation claim under FEHA, White must show that (1) he engaged

7

in a protected activity; (2) his employer subjected him to an adverse employment action; and (3) there is a causal link between the protected activity and the employer's action. *See Strother v. Southern Cal. Permanente Med. Group*, 79 F.3d 859, 868 (9th Cir. 1996). White has not submitted any evidence showing that he engaged in protected activity prior to receiving a lowered performance score or having his weekly schedule cut.[4] Moreover, the Court notes that aside from unsupported assertions of retaliation in the statement of facts portion of his briefs, none of White's four oppositions address the merits of his retaliation claims. The Court concludes that White has failed to establish a *prima facie* case, and hereby GRANTS FedEx's motion for summary judgment on the retaliation claim.

### H. Wrongful Termination in Violation of Public Policy

Although FedEx moved for summary judgment on White's claim for wrongful termination in violation of public policy, none of White's oppositions address the merits of this claim. It is undisputed that FedEx terminated White pursuant to FedEx policy after he had been issued three disciplinary actions within 12 months. Based on this undisputed fact and White's complete failure to address this claim, the Court concludes that FedEx is entitled to summary judgment.

### I. Hostile Work Environment

Once again, the precise nature of White's claim is unclear because none of the oppositions squarely addresses this claim. White appears to contend that he was subject to a racially hostile work environment because (1) FedEx did not pay him shuttle driver pay between 1995 and 1997 when he was performing shuttle driver work; (2) managers lowered his performance review scores after he stopped

---

[4] The Court notes that White's March 8, 2002 DFEH complaint alleges that he was terminated on March 9, 2001 in retaliation for filing a complaint with the DFEH on March 12, 2001. *See* Amended Rajender Decl. Ex. G. However, because the protected activity occurred after the allegedly retaliatory act, White cannot establish a causal connection between the two events. At the oral argument, White for the first time contended that his DFEH complaint was "filed" in February 2001 when he went to the DFEH and completed some pre-filing paperwork. Plaintiff has improperly presented this argument by raising it for the first time at oral argument. Moreover, even if the Court were to consider this contention, plaintiff has not submitted any evidence showing that FedEx was aware that White went to the DFEH in February 2001.

At the oral argument White also contended, for the first time, that FedEx retaliated against him after he complained that FedEx's internal grievance procedures were ineffective. As discussed *supra*, the Court will not consider arguments raised for the first time at oral argument.

8

1 performing shuttle driver work; (3) in November 2000, managers reduced his hours to below the
2 minimum number of hours guaranteed part-time employees; (4) managers disciplined and reprimanded
3 him for mistakes; and (5) managers assigned him to the busiest section of the "line" and did not provide
4 him with assistance.

5 Many of White's allegations are unsupported by any evidence. For example, citing White's
6 deposition testimony in support, White's supplemental opposition asserts that "Defendants Motter and
7 Meek were particularly hostile to minority employees and harassed and discriminated against White."
8 Supplemental Opposition at 2. However, the deposition excerpt cited simply states that Meek terminated
9 White in 2001. *See* White Depo. at 23. Similarly, again citing White's deposition testimony, White's
10 supplemental opposition asserts that "[o]ther managers were also hostile towards African-American
11 employees including White." Supplemental Opposition at 2. In the cited deposition testimony, White
12 stated that he believed that Senior Manager Tim Wertner instructed other managers to "attack" him on
13 the basis of his race because when these managers reprimanded him for acting unprofessionally or
14 failing to follow FedEx policies, they told him "My boss tells me I have to do this." *See* White Depo.
15 at 34, 40. However, White admitted during his deposition that he never heard Wertner tell anyone to
16 attack him, *id.* at 42-43, he had no direct or indirect knowledge that Wertner ever told anyone to "attack"
17 him on the basis of his race, *id.*, and no one at FedEx ever made a racially offensive or derogatory
18 comment to him. *Id.* at 142.

19 With respect to the shuttle driver pay, White alleges that he was entitled to such pay because
20 over 50% of his time was spent performing shuttle driver duties; however, the deposition testimony cited
21 simply states that White thought he was entitled to shuttle driver pay and he was informed by FedEx
22 that he was not working enough hours to receive such pay. *Id.* at 13-14. White has not cited any
23 evidence showing that he was actually working more than 50% of his time as a shuttle driver. Similarly,
24 White does not support his allegation that his performance scores were lowered in retaliation for his
25 refusal to continue working as a shuttle driver; the deposition testimony cited states that a manager
26 informed White that he had planned to give him a "7" but that instead he was instructed by a superior
27 to give White "around a 6." *Id.* at 124.

28 The Ninth Circuit uses a "totality of the circumstances" test to determine whether a plaintiff has

9

established a claim for hostile work environment. *See Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000). In evaluating such claims, courts consider the "frequency of discriminatory conduct, its severity, whether it is physically threatening or humiliating, or a mere offensive utterance, and whether it unreasonably interferes with an employee's work performance." *Nichols v. Azteca Rest. Enters.*, 256 F.3d 864, 872 (9th Cir. 2001). To constitute harassment, the workplace must be both subjectively and objectively abusive. *See Brooks*, 229 F.3d at 923.

Applying this framework to White's claim, the Court concludes that White has failed to submit evidence sufficient to withstand summary judgment. White does not contend that anyone ever made racial comments in the workplace. As noted above, White's allegations of being "attacked" by his managers are unsupported and based on his own speculation that managers were instructed to "attack" him based on his race. The Court also finds significant that on the occasions when White was allegedly "attacked," he was actually being reprimanded for mistakes that White largely acknowledges he committed. The Court concludes that no reasonable person could conclude that White was subjected to a racially hostile work environment, and hereby GRANTS summary judgment in favor of FedEx.

### J. Disparate Impact

Although White has alleged disparate impact claims, the Court notes that White has failed to litigate these claims in any meaningful way. Indeed, despite the fact that FedEx has moved for summary judgment on these claims, none of White's oppositions contain any legal argument or discussion of the facts of this case in support of his disparate impact claims. To the extent that White address these claims at all, he has simply asserted conclusory allegations regarding systematic discrimination at FedEx in the statement of facts. *See, e.g.,* White's June 15, 2005 Amended Opposition at 2-3.

The only "evidence" White has cited is several paragraphs from the report of Mr. Drogin, which was prepared in connection with the class certification motion in *Satchell et al. v. FedEx Corp.*, 03-2659 SI. White requests the Court to take "judicial notice" of Mr. Drogin's report. It is not appropriate for the Court to take "judicial notice" of the Drogin report because it does not contain "adjudicative facts" that are "not subject to reasonable dispute." Fed. R. Evid. 201. Moreover, White has not properly designated Mr. Drogin as an expert in this case, and accordingly he cannot rely on this report in this

10

case.

Accordingly, the Court GRANTS summary judgment in favor of FedEx on White's disparate impact claims.

**II.     FedEx's Motion for Summary Judgment as to Alexander Rivera**

Plaintiff Alexander Rivera is Mexican-American. Rivera began his employment with FedEx on June 11, 1997, as a courier at the Sunnyvale facility. Rivera was fired on August 8, 2001. On July 2, 2002, Rivera filed a complaint with the DFEH.

   **A.     Promotion**

FedEx moves for summary judgment on Rivera's promotion claim, contending that Rivera never applied for any promotions during his entire employment with FedEx. *See* Rivera Depo. at 37-38 (stating that he never applied for any positions after he started as courier). None of Rivera's three oppositions address the merits of any promotion claims. Accordingly, the Court concludes that Rivera has failed to raise a triable issue of fact concerning whether he applied for any promotions, and hereby GRANTS summary judgment in favor of FedEx on this claim.

   **B.     Discipline**

The parties have identified the following three disciplinary actions that Rivera received while working at FedEx: (1) a December 12, 2000 warning letter for failing to turn in his equipment; (2) a January 31, 2001 warning letter for driving with an expired commercial driver's license, for which he was suspended until he got his license renewed; and (3) an August 16, 2001 warning letter for tardiness during the period from January 4, 2001 through August 10, 2001.[5] FedEx moves for summary judgment on Rivera's discipline claims, contending that each instance of discipline was warranted, and that Rivera has failed to introduce any evidence suggesting that the discipline was issued on account of race.

---

[5] Although Rivera's briefs suggest that he challenges discipline associated with his involvement in an accident, at oral argument his counsel stated that he does not challenge that discipline as discriminatory.

11

### (1) December 12, 2000 Warning Letter

Rivera submitted deposition testimony stating that on one occasion he told his manager that a white co-worker also left equipment in his truck, but that the co-worker was not disciplined. *See* Rivera Depo. at 92-93. This evidence is sufficient to raise a triable issue of fact as to whether Rivera was unfairly disciplined, and accordingly the Court DENIES summary judgment on this claim. *See Fonseca v. Sysco Food Servs. of Arizona*, 374 F.3d 840, 847-48 (9th Cir. 2004).

### (2) January 31, 2001 Warning Letter

Rivera has submitted evidence that he told his manager when he got to work that his commercial driver's license expired that day, that his manager told him it was okay to drive a vehicle that did not require commercial driver's license, and that afterwards, another manager disciplined him and suspended him until he renewed his license. *See* Rivera Depo. at 94-96. The Court concludes that this evidence is sufficient to raise a triable issue of fact as to whether Rivera was unfairly disciplined. *See Fonseca*, 374 F.3d at 847-48.

### (3) August 16, 2001 Warning Letter

Although FedEx addressed this instance of discipline in its motion for summary judgment, none of Rivera's oppositions addresses this warning letter. In addition, at the oral argument plaintiff's counsel stated that Rivera admits that he was tardy and that this discipline was warranted. Accordingly, the Court concludes that Rivera has failed to raise a triable issue of fact, and GRANTS summary judgment in favor of FedEx on this claim.

### C. Unequal Pay

FedEx moves for summary judgment on Rivera's claim under the California Equal Pay Act.[6] The basis for Rivera's claim is unclear as he does not specifically address this claim in any of his

---

[6] As stated *supra*, the FAC alleges a claim under the "California Equal Pay Act," but cites FEHA.

1 oppositions.[7] Instead, Rivera's June 11, 2005 opposition requests the Court to take judicial notice of
2 the statistical report of Mr. Drogin, and argues that this report shows that minority employees were
3 systematically placed in low paying jobs compared to Caucasian employees, and that they were paid
4 significantly lower hourly wages and monthly salaries than white employees. As stated earlier,
5 however, plaintiff's reliance on Mr. Drogin's report is inappropriate. More importantly, this report does
6 not contain any evidence or data showing that Rivera was paid less than white employees for performing
7 substantially equal work.

8 FedEx contends that Rivera has failed to introduce any evidence that FedEx paid him less than
9 white employees for performing substantially equal work. FedEx also notes that Rivera admitted in his
10 deposition that FedEx compensated him for all of the work he performed for the company. *See* Rivera
11 Depo. at 72, 86. Despite filing several oppositions, Rivera has failed to even articulate the basis of his
12 equal pay claim, much less introduce any evidence showing a dispute of fact to defeat summary
13 judgment. Accordingly, the Court hereby GRANTS summary judgment in FedEx's favor.

### D. Intentional Infliction of Emotional Distress

16 FedEx has moved for summary judgment, contending that Rivera cannot establish the elements
17 of this claim. The elements of the tort of intentional infliction of emotional distress are: (1) extreme and
18 outrageous conduct by the defendant with the intention of causing, or reckless disregard of the
19 possibility of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional
20 distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous
21 conduct. *See Potter*, 6 Cal. 4th at 1001. FedEx contends that Rivera cannot establish that any defendant
22 engaged in outrageous conduct, that Rivera has not submitted any evidence that defendants intentionally
23 caused him emotional distress, and that Rivera has failed to show that he has suffered any emotional
24 distress.

25 Despite the fact that both FedEx and the individual defendants moved for summary judgment

---

[7] Rivera's complaint alleges that FedEx does not have an "identifiable, standard seniority system that is fairly and systematically applied and observed, which might explain the discrepancies between plaintiffs' salary and the salaries of Caucasian employees performing identical or comparable jobs in their respective facilities." FAC ¶ 175.

13

on Rivera's claim for intentional infliction of emotional distress, none of Rivera's three oppositions addresses this claim. Because Rivera has failed to present any evidence of "extreme or outrageous conduct" or of causally related emotional distress, the Court hereby GRANTS FedEx's motion for summary judgment.

### E. Wrongful Termination in Violation of Public Policy

Although FedEx moved for summary judgment on Rivera's claim for wrongful termination in violation of public policy, Rivera does not address the merits of this claim in any of his oppositions. Accordingly, summary judgment is GRANTED on this claim.

### F. Hostile Work Environment

Rivera's hostile work environment claim is based on his allegation that after Robert Motter became his Senior Manager, he was "suddenly singled out for a series of minor performance mistakes." Supplemental Opposition at 2. Rivera's oppositions are full of conclusory allegations that are unsupported by evidence. For example, Rivera asserts that his manager Gary Meek consistently ignored his requests for assistance with heavy freight but that non-minority employees would be provided with such help. However, the deposition testimony Rivera cites only states that when Rivera asked for such assistance he was told that there was nobody available to help; the testimony cited does not state that non-minority employees were provided with such help, and in fact states that another Latino employee did receive such help, and that other employees also did not receive any help. *See* Rivera Depo. at 20-23. Similarly, Rivera asserts that "Rivera was harassed by Meek, and even Rivera's senior manager recognized that Meek treated Rivera differently than other employees." Supplemental Opposition at 2. However, the deposition testimony cited only states that Meek denied Rivera's request for assistance. *See* Rivera Depo. at 21.

In the Ninth Circuit, courts employ a totality of the circumstances test in determining whether a plaintiff has established a hostile work environment, considering factors such as: "[the] frequency of discriminatory conduct, its severity, whether it is physically threatening or humiliating, or a mere offensive utterance, and whether it unreasonably interferes with an employee's work performance."

14

*Nichols v. Azteca Rest. Enters. Corp.*, 256 F.3d 864, 872 (9th Cir. 2001). To constitute harassment, the workplace must be both subjectively and objectively abusive. *See Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000).

The Court concludes that Rivera's evidence falls short of raising a triable issue of fact regarding whether he was subjected to a racially hostile work environment. The Court finds *Vasquez v. County of Los Angeles*, 349 F.3d 634 (9th Cir. 2003), instructive. In *Vasquez*, the plaintiff claimed that a supervisor harassed him on account of his race. The Ninth Circuit stated,

> Vasquez claimed that Berglund continually harassed him, but provides specific factual allegations regarding only a few incidents. The primary basis of Vasquez's claim arises from statements by Berglund that Vasquez had 'a typical Hispanic macho attitude' and that he should consider transferring to the field because 'Hispanics do good in the field.' These statements were made more than six months apart. Concerning Vasquez's allegation that Berglund yelled at him in front of the youth, Vasquez provides evidence of only two instances when this occurred. . . . Finally, regarding the allegation that Berglund made continual, false complaints about Vasquez to Leeds, Vasquez offers two memos . . . . All of these incidents occurred over the course of more than one year.

*Id.* at 642-43. The Ninth Circuit concluded that the events Vasquez complained of were not severe or pervasive enough to violate Title VII because the events occurred over the course of one year, and only two incidents involved racially-related epithets. *Id.* at 644.

Here, Rivera's evidence of a hostile work environment is considerably weaker than the plaintiff's in *Vasquez*. Unlike in *Vasquez*, none of the incidents alleged involved racial comments. Rivera asserts that his managers "harassed" him by "nitpicking" at him, but like the plaintiff in *Vasquez*, provides very little detail regarding specific incidents. Moreover, even if true, "nitpicking" does not rise to the level of creating a hostile work environment. Accordingly, the Court GRANTS summary judgment on the hostile work environment claim.

### G.     Disparate Impact

Rivera's oppositions suffer from the same deficiencies with regard to his disparate impact claims that the Court noted in Section I.J *supra*. For all of the reasons discussed *supra*, the Court hereby GRANTS summary judgment in favor of FedEx on Rivera's disparate impact claims.

### III.     Individual Defendants' Motion for Summary Judgment

White and Rivera have sued the following individuals: Guy Capriulo, Paul Ferrey, Donald Heinz, Steve Seymour, Roy Johnson, Christopher Matthew, Gary Meek, Robert Montez, Robert Motter, David Perry, Michael Pigors, Norman Stites, Angela Suazo, Robert Van Galder and Timothy Wertner. The individual defendants are all FedEx managers. Plaintiffs allege the following claims against these defendants: (1) retaliation (White against all individual defendants); (2) racial harassment/hostile work environment (both plaintiffs against all defendants); (3) intentional infliction of emotional distress (both plaintiffs against all defendants); and (4) fraud (both plaintiffs against all defendants).

Before addressing the merits of defendants' motion, the Court makes some general observations about the scope of plaintiffs' complaint.  First, plaintiffs' June 15, 2005 opposition contends that because the individual defendants did not move for summary judgment on plaintiffs' Section 1981 claims, they have "conceded" that these claims can go forward. However, plaintiffs have not alleged Section 1981 claims against the individual defendants. *See* FAC ¶¶ 105-10. Second, plaintiffs suggest that Rivera has alleged a retaliation claim, although plaintiffs do not elaborate on the details of such a claim. However, the FAC states that "plaintiff WHITE alone" alleges a retaliation claim. *Id*. at ¶¶ 138-45. Finally, the Court notes that the December 2, 2005 supplemental brief discusses in some detail other plaintiffs' allegations concerning the individual defendants.  *See, e.g.*, Rivera's Supplemental Brief at 6-9 (discussing plaintiffs Duenas, Evans, Brown, Theodore and Walker). However, absent some connection to White and Rivera – which plaintiffs neither assert nor demonstrate – evidence relating to these other plaintiffs is wholly irrelevant to White and Rivera's claims against the defendants.

The Court is also compelled to comment on the bizarre nature of plaintiffs' opposition papers. Plaintiffs devote almost 4 pages of their June 15, 2005 brief to quoting, verbatim, from a district court decision discussing a manager's liability for intentional infliction of emotional distress. *See* June 15, 2005 Opposition at 15-18 (quoting *Calero v. Unisys Corp.*, 271 F. Supp. 2d 1172 (N.D. Cal. 2003)). Remarkably, aside from the 4-page quotation from this case, plaintiffs do not present any argument or evidence in support of their claims for intentional infliction of emotional distress.

Similarly, plaintiffs do not advance any coherent argument or cite any evidence in support of their fraud claims. Instead, plaintiffs quote from *In re Enron Corporation Securities, Derivative & "ERISA" Litigation*, 196 F. Supp. 2d 1375 (J.P.M.L. 2002), and argue that, like the shareholders of

16

Enron, White and Rivera "reasonably relied on the individual defendants' material misrepresentation that they were employees of the legitimate parent corporation and would receive all the benefits attendant therewith, including but not limited to the parent's affirmative action program." June 15, 2005 Opposition at 14. This case does not involve any claims concerning an affirmative action program at FedEx. Plaintiffs then state, "plaintiffs believe that they should be included in the class of persons intended to be protected by the anti-fraud laws that protect shareholders and ERISA members from wayward sub-corporate directors and the members of their secret elite societies." *Id.* at 15.

The Court also notes that despite the fact that plaintiffs were given the opportunity to file supplemental opposition briefs six months after filing the original oppositions, these briefs do not cure the deficiencies of the previous opposition briefs. Most significantly, the supplemental opposition briefs only address plaintiffs' hostile work environment claims, and thus none of the five opposition briefs address in any meaningful way plaintiffs' claims for fraud and intentional infliction of emotional distress, or White's claim for retaliation. Moreover, even after being warned by the Court that allegations in the complaint are not "evidence,"[8] plaintiffs' supplemental oppositions repeatedly cite allegations contained in the complaint and in plaintiffs' DFEH complaints. Relatedly, despite being warned by the Court against doing so, plaintiffs generally assert that the evidence supporting these factual allegations is contained in the literally hundreds of pages of exhibits attached to the Parker declarations filed in December 2005. However, it is not the Court's job to scour through the record searching for a disputed issue of fact. *See Keenan*, 91 F.3d at 1278.

Finally, with respect to the merits of defendants' motions, defendants argue, *inter alia*, that plaintiffs' claims against the individual defendants fail because plaintiffs have admitted that they either did not know, or did not work with, a majority of the individual defendants. Plaintiffs have responded that personal knowledge of the defendants is not necessary because the individual defendants are liable because they "aided and abetted" FedEx in discriminating against plaintiffs. The Court does not reach the question of whether individual liability could ever attach under such a theory, however, because even assuming that the individual defendants could be held liable, plaintiffs have failed to introduce

---

[8] *See* Order Granting Defendant's Summary Judgment Motions at 5. (Docket No. 198 in *Alvarado et al. v. Federal Express Corp.*, 04-0098 SI).

17

evidence sufficient to raise a triable issue of fact to defeat summary judgment on any of their claims.

///

### A.  White's Claims

#### (1)  Fraud[9]

The precise basis of White's fraud claim is unclear because aside from the irrelevant citation to the *Enron* case, none of White's four oppositions addresses this claim.[10] The elements of a fraud claim are: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. *See Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004). FedEx contends that White cannot establish the elements of a fraud claim because, *inter alia*, he admitted in his deposition that he was provided with FedEx's policies on discipline and termination, and that he was aware he could be terminated for having three disciplinary actions within a 12 month period. *See* White Depo. at 85.

Because White has not addressed the merits of his fraud claim or submitted any evidence whatsoever in support of his claim, the Court concludes that White has failed to raise a triable issue of fact, and hereby GRANTS defendants' motion for summary judgment on this claim.

#### (2)  Retaliation

For the reasons discussed *supra*, the Court concludes that White has failed to establish a *prima facie* case of retaliation, and accordingly GRANTS defendants' motion for summary judgment on this claim.

---

[9] Both FedEx and the individuals defendants moved for summary judgment on this claim, despite the fact that White alleged fraud only against the individual defendants. *See* FAC ¶¶ 157-66.

[10] White's complaint alleges that various FedEx employees engaged in fraud when they made misrepresentations to him about FedEx's disciplinary policy, eligibility for shuttle driver pay, a workplace injury suffered by White, and when they altered time cards. *See* FAC ¶¶ 157-66.

18

### (3)  Hostile Work Environment

For the reasons discussed *supra*, the Court concludes that White's evidence falls short of raising a triable issue of fact as to whether he was subjected to a hostile work environment. Accordingly, the Court GRANTS defendants' motion for summary judgment on this claim.

### (4)  Intentional Infliction of Emotional Distress

For the reasons discussed *supra*, because White has failed to advance any argument or submit any evidence showing that defendants engaged in extreme or outrageous conduct, or that White suffered causally related emotional distress, the Court GRANTS defendants summary judgment on this claim.

## B.  Rivera's Claims

### (1)  Fraud[11]

The precise basis of Rivera's fraud claim is unclear because none of his three oppositions address this claim.[12] The elements of a fraud claim are: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. *See Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004). FedEx contends that Rivera has failed to establish any of the elements of his fraud claim because, *inter alia*, he testified that he was aware that FedEx's policy provides that 3 disciplinary actions within a year constitutes grounds for termination. *See* Rivera Depo. at 101. Moreover, each of the disciplinary letters Rivera received informed him of this policy. *Id.* at Ex. 5.

Because none of Rivera's three oppositions address this claim, the Court concludes that Rivera has utterly failed to meet his burden on summary judgment and has failed to raise a triable issue of fact.

---

[11] Both FedEx and the individual defendants moved for summary judgment on Rivera's fraud claim. However, Rivera only alleged fraud against the individual defendants. *See* FAC at ¶¶ 157-66.

[12] Rivera's complaint alleges that various FedEx employees engaged in fraud when they made misrepresentations to him about FedEx's disciplinary policy and when they altered time cards. *See* FAC at ¶¶ 157-66.

Accordingly, the Court hereby GRANTS defendants' motion for summary judgment on this claim.

### (2) Hostile Work Environment

For the reasons discussed *supra*, the Court concludes that Rivera's evidence falls short of raising a triable issue of fact as to whether he was subjected to a hostile work environment. Accordingly, the Court GRANTS defendants' motion for summary judgment on this claim.

### (3) Intentional Infliction of Emotional Distress

For the reasons discussed *supra*, because Rivera has failed to advance any argument or submit any evidence showing that defendants engaged in extreme or outrageous conduct, or that White suffered causally related emotional distress, defendants are entitled to summary judgment

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS FedEx's motion for summary judgment against plaintiff White; GRANTS in part and denies in part FedEx's motions for summary judgment against plaintiff Rivera (Docket ## 120 and 121) and GRANTS the individual defendants' motions for summary judgment against plaintiffs White and Rivera (Docket # 122).

The "Declaration of Kay McKenzie Parker of 12-15-05," filed on December 16, 2005 and found at Docket No. 199, shall be stricken from the record.

**IT IS SO ORDERED.**

Dated: March 10, 2006

SUSAN ILLSTON
United States District Judge

20