IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDWARD ALVARADO, et al.,

        Plaintiffs,

  v.

FEDEX CORPORATION,

        Defendants.
                                    /

No. C 04-0098 SI

**FINAL PRETRIAL SCHEDULING ORDER (EDWARD ALVARADO)**

On August 15, 2006, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning August 28, 2006. All parties were represented by counsel. The following matters were resolved:

    1.    **Number of jurors and challenges**:  There shall be a jury of 8 members. Each side shall have up to four peremptory challenges.

    2.    **Voir dire**:  The court will conduct general voir dire, and counsel for each side shall have up to 20 minutes total to question the panel.

    3.    **Jury instructions**:  Counsel have submitted separate sets of proposed jury instructions. No later than **Friday, August 25, 2006**, counsel shall submit one complete set of proposed instructions, containing both agreed upon instructions (which shall be so noted), and contested instructions, all in the order in which they should be read to the jury. Where contested instructions are included, they should be annotated both with the proponent's authority for seeking the instruction and the opponent's reason for opposition. Where feasible, competing instructions addressing the same point shall be included

Case 3:04-cv-00099-SI   Document 252   Filed 08/16/06   Page 2 of 5

together in the single set of proposed instructions. The final submission shall be filed in hard copy and also submitted to the court on disk, suitable for reading by WordPerfect 10 (windows) on or before August 25, 2006.

4. **Trial exhibits**: No later than **Friday, August 25, 2006**, the parties shall submit their trial exhibits, in binders with numbered tabs separating and identifying each exhibit. The court shall be provided with three sets (for the court, the file and the witness) and each side shall provide one set for the other side. To the extent that original documents are to be used as exhibits in the case, they should be included in the set of exhibits for the court.

5. **Timing of trial**: Based on the limited issues remaining in this action, the proposed witnesses, the rulings on motions in limine and the parties' estimates, the Court finds that the trial should take approximately 4 days. Based on this estimate, each side shall have 30 minutes for opening statements; each side shall have up to 6.5 hours total for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits; and each side shall have up to 45 minutes for closing argument. In the event that a punitive damage phase is conducted, each party shall have 30 minutes to present evidence concerning defendant's financial condition/net worth and 20 minutes to argue the issue.

6. **Trial schedule**: Jury trials are generally conducted Monday through Thursday; jury trials are generally not conducted on Fridays, although deliberating juries are free to deliberate on Fridays. The trial day runs from 8:30 a.m. until 3:00 p.m., with a 15 minute break at 10:00 a.m., a 30 minute break at 12:00 noon and a 15 minute break at 2:00 p.m., all times approximate.

7. **Motions in limine**:   The parties filed 17 motions in limine, as follows:

**Plaintiff's No. 1: to exclude various proposed witnesses and exhibits:** Plaintiff moves to exclude testimony by various witnesses, primarily co-workers, who were previously undisclosed by defendant. Defendant responds that these witnesses, whose identity has been known to plaintiff since

2

the case began, would only provide impeachment testimony. To this extent, plaintiff's motion is DENIED, Plaintiff also seeks to exclude various documents; this motion is DENIED, without prejudice to renewal when/if the documents are offered into evidence.

**Plaintiff's No. 2: to exclude evidence of collateral source claims and payments:** Defendant does not object to this motion and it is GRANTED.

**Plaintiff's No. 3: to preclude any testimony regarding th motion for summary judgment, summary adjudication, dismissed claims and/or the fact that any witness was at one time a defendant to the action:** Defendant does not object provided that both parties are precluded from offering evidence about rulings on summary judgment, and to that extent the motion is GRANTED. At the pretrial conference, plaintiff withdrew the portion of this motion concerning witnesses who were previously named as defendants in the case.

**Plaintiff's No. 4: to preclude any documents not produced in discovery:** Defendant represents that it will not offer any documents which were requested by plaintiff and not produced during discovery. To this extent, the motion is GRANTED.

**Plaintiff's No. 5: to preclude any reference to the Court's exclusion of plaintiff's experts and/or expert reports:** Defendant does not oppose this motion and it is GRANTED.

**Defendant's No. 1: testimony of Michael Snyder regarding alleged racial remarks by certain FedEx executives:** Plaintiff represents that he will not provide any such testimony except as rebuttal. To this extent, the motion is GRANTED, subject to offer of proof prior to use as rebuttal.

**Defendant's No. 2: testimony and exhibits regarding comparators who are not similarly situated to plaintiff:** The record is too preliminary to grant this motion, which is consequently DENIED, without prejudice to specific objections at trial. In particular, the Court will require plaintiff to provide an offer of proof outside the presence of the jury, should defendant so request, with respect to alleged comparator evidence.

**Defendant's No. 3: subjective beliefs and opinions of witnesses and plaintiff with no personal knowledge:** Otherwise inadmissible opinions or beliefs will not be admitted, nor will inadmissible hearsay. Testimony as to relevant perceived events will be admitted. Beyond that, it is premature to decide this motion on this record and it is accordingly DENIED without prejudice to

3

specific objections at trial.

**Defendant's No. 4: statutorily time-barred testimony and exhibits of alleged discrimination:** GRANTED concerning discipline in 1997.  Otherwise, DENIED, without prejudice to specific objections at time of trial.

**Defendant's No. 5: testimony and exhibits regarding physical or mental injury or physical condition of disability:** DENIED.  There are no disability claims in this action, but evidence concerning plaintiff's physical condition will be admitted if relevant to other claims, such as retaliation.

**Defendant's No. 6: testimony and exhibits regarding claims dismissed by the Court, other complaints of discrimination, lawsuits, class actions and alleged discriminatory treatment of other employees:** Testimony and exhibits relevant only to dismissed claims or other person's lawsuits will not be allowed; to that extent this motion is GRANTED.  However, testimony concerning EEOC or DFEH claims filed is admissible as a predicate to the retaliation claim; to that extent the motion is DENIED.

**Defendant's No. 7: testimony and exhibits regarding hiring, disciplinary and promotion practices and statistical "evidence" regarding the same:** The Court does not anticipate being presented with substantive statistical evidence in this case, and plaintiff indicated at the pretrial conference that he does not anticipate offering such proof.  Accordingly, the motion is GRANTED.

**Defendant's No. 8: internal post-complaint investigation by FedEx:** Plaintiff does not oppose this motion and it is GRANTED.

**Defendant's No. 9: FedEx's financial condition:** No such evidence may be presented unless/until a punitive damage phase of the trial is reached.  Accordingly, the motion is GRANTED.

**Defendant's No. 10: testimony and exhibits regarding plaintiff's employment history at any other FedEx station other than the station that is the subject of this litigation:** GRANTED.

**Defendant's No. 11: hearsay testimony:** Inadmissible hearsay will not be admitted.  To this extent the motion is GRANTED.

**Defendant's supplemental motion in limine to exclude expert testimony of Stanley Stephenson and David MacPherson:** Defendant moves to exclude testimony by plaintiff's experts, on the basis that it pertains to dismissed claims (promotion) and that it is unreliable.  The motion is

4

GRANTED on both bases.  The report does not provide any information relevant to damages for the retaliation or remaining discrimination (i.e., assignment to "top deck" and assignment to heavier route) claims; nor does it provide any information from which it could be concluded that Stepehn Waller's experiences as a shuttle driver in 1991 in Sunnyvale provide any rational comparative data.

**IT IS SO ORDERED.**  (Docket ## 433, 436, 437, 438, 439, 440, 469.)

Dated: August 16, 2006

_____
SUSAN ILLSTON
United States District Judge